IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JESSE THOMAS STEWART,<br><br>           Plaintiff,<br><br>     v.<br><br>DR. R. DUNCAN WALLACE et al.,<br><br>           Defendants. | **MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT COMPLAINT**<br><br>Case No. 2:11-CV-505 DB<br><br>District Judge Dee Benson |

Plaintiff, Jesse Thomas Stewart, filed this *pro se* civil rights suit.[1] Plaintiff was allowed to proceed *in forma pauperis*.[2] Reviewing the complaint under § 1915(e), the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

Complaint:

(a) is not on a form acceptable to the Court.

(b) is accompanied in the docket by supplemental documents that appear to present possible other details, claims, and defendants, aside from those found in the complaint, and must be incorporated into the amended complaint to be considered.

(c) brings civil-rights claims against employees of Copper Hills Youth Center (CHYC), without explaining how they are state actors.

---

[1]*See* 42 U.S.C.S. § 1983 (2012).

[2]*See* 28 *id.* 1915.

    (d)    names John Does (the "owner" and "director" of CHYC), when their names are required to proceed further.

    (e)    appears to bring all claims based on the invalid theory of "respondeat superior."

    (f)    has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

### Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[3]  The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[4]

---

[3] Fed. R. Civ. P. 8(a).

[4] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[5]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[6]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[7]

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.[8]  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[9]  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done

---

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[6] *Id.* at 1110.

[7] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[8] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[9] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

*what* to *whom*.'"[10] Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position, otherwise known as a theory of respondeat superior.[11] And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Finally, Plaintiff has possibly named private citizens as defendants. "[T]o prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that he was injured as a result of state action. Thus, private conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim."[12]

### Motion for Appointed Pro Bono Counsel

Plaintiff also moves for appointed counsel. Plaintiff has no constitutional right to counsel.[13] However, the Court may in

---

[10]*Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[11]*See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

[12]*Read v. Klein*, No. 99-5058, 1001 U.S. App. LEXIS 334, at *13 (10th Cir. Jan. 9, 2001) (citations omitted) (unpublished).

[13]*See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

its discretion appoint counsel for indigent inmates.[14]  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[15]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[16] Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above;

---

[14] *See* 28 U.S.C.S. § 1915(e)(1) (2012); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[15] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[16] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide;

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice; and,

(4) Plaintiff's motion for appointed counsel is DENIED[17]; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 18th day of January, 2012.

BY THE COURT:

_____
JUDGE DEE BENSON
United States District Court

---

[17] (*See* Docket Entry # 9.)